UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re

Freddy Trigoso,

                Debtor.

--------------------------------------------------------X

*Presentment Date: June 16, 2010*
*Hearing If Objections: June 29, 2010 at 10:00 a.m.*

Chapter 7

Case No.: 08-70668-dte
**NOTICE OF PRESENTMENT
OF ORDER FOR RELIEF
<u>FROM AUTOMATIC STAY</u>**

**S I R S / M A D A M S:**

      **PLEASE TAKE NOTICE** that an order will be presented for signature to the Honorable Dorothy Eisenberg, United States Bankruptcy Judge, at chambers, United States Bankruptcy Court, located at 290 Federal Plaza, Central Islip, New York on June 16, 2010 at 9:00 a.m. The proposed Order will seek to terminate the automatic stay imposed by §362(a) of the United States Bankruptcy Code ("the Code") with regard to a certain 2008 Nissan Altima, bearing Vehicle Identification Number 1N4AL21E98C127704 (the "Vehicle") in which NILT Inc. ("Movant") has a secured leasehold ownership interest pursuant to a lease agreement. A copy of the proposed order is annexed hereto.

      **PLEASE TAKE FURTHER NOTICE** that if you have good reason to object to the granting of the proposed order, you must do so in writing and you must serve the undersigned and all other entities to whom this motion has been noticed, as indicated below, with a copy of your objections stating both the legal grounds and the facts which establish the reasons for your objections, so as to be received at least five (5) days before the order is to be signed. The objections shall identify the motion to which they are addressed by name of moving party, date of hearing, relief sought by the motion, and by title, caption and index number of the case in which the motion is made. Within that same time, you must also file with the Clerk of the

Bankruptcy Court, the original of your objections together with courtesy copies for the Chambers of the assigned Judge, and proof by affidavit, admission, or otherwise, that copies have been properly served.

**PLEASE TAKE FURTHER NOTICE** that if no proper objections are timely filed and served, and if the judge is satisfied from the application that the moving party is entitled to the relief sought, the order may be signed without a hearing. If proper objections are timely filed and served, a hearing will be held at the above address in Courtroom 760 on June 29, 2010 at 10:00 a.m. If no objections are filed, the court may sign the order without further proceedings, or may direct that the hearing be held notwithstanding the absence of objections.

Dated: Melville, New York
      May 19, 2010                         **MACCO & STERN, LLP**
                                          *Attorneys for Movant*

                             By:    */s/ Peter Corey*
                                      Peter Corey, Esq.
                                      135 Pinelawn Road, Suite 120 South
                                      Melville, New York 11747
                                      (631) 549-7900 tel.
                                      (631) 549-7845 fax

*To:*     *Office of the United States Trustee*
        *Case Trustee*
        *Debtor's Attorney*
        *Debtor*
        *Any known Parties-in-Interest*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

                                                 Chapter 7

Freddy Trigoso,

                                                 Case No.: 08-70668-dte

                    Debtor.                 **ORDER TERMINATING**
-------------------------------------------------------X    **THE AUTOMATIC STAY**

       NILT Inc. ("Movant") having moved this Court pursuant to a Notice of Presentment dated May 19, 2010 for an Order terminating the stay imposed against Movant and seeking authorization for Movant to repossess and sell a certain 2008 Nissan Altima**,** bearing Vehicle Identification Number 1N4AL21E98C127704 (the "Vehicle"), and sufficient cause having been shown, and after due deliberation by this Court, it is

       **ORDERED,** that the stay imposed against Movant pursuant to §362(a) of the Bankruptcy Code is terminated, and Movant is authorized to take any and all lawful actions necessary to enforce its rights and remedies, including repossession and sale of the Vehicle under applicable State Law; and it is further,

       **ORDERED,** that in the event of the sale of the Vehicle, Movant shall give notice to the Trustee of any surplus monies that may exist after the sale; and it is further,

       **ORDERED,** that the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure are waived.

Dated: Central Islip, New York
              _____, 2010

                                                                 _____
                                                                  **HON. DOROTHY EISENBERG**
                                                                    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

                                                       Chapter 7

Freddy Trigoso,                                      Case No.: 08-70668-dte

                  Debtor.                    **AFFIRMATION IN SUPPORT OF**
                                                        **MOTION FOR RELIEF**
-------------------------------------------------------X    **<u>FROM AUTOMATIC STAY</u>**

        PETER COREY, ESQ., an attorney at law duly admitted to practice before the Courts of the State of New York and the Eastern District of New York, being mindful of the penalties of perjury, duly affirms as follows:

        1.        I am an Associate at the law firm of Macco & Stern, LLP, attorneys for NILT Inc. ("Movant") a secured creditor herein, and as such, I am familiar with the facts and circumstances of this matter as reflected in the file maintained by my office.

        2.        After consulting with my client, I submit this affirmation in support of the instant motion brought pursuant to Rules 4001(a) and 9014 of the Federal Bankruptcy Rules of Procedure ("the Rules") and §§362(d)(1) and 362(d)(2) of the United States Bankruptcy Code ("the Code") for an Order, terminating, annulling or modifying the stay imposed under §362(a) of the Code to permit Movant to exercise its rights and remedies with respect to the 2008 Nissan Altima**,** bearing Vehicle Identification Number 1N4AL21E98C127704 (the "Vehicle"), in which Movant has a secured leasehold ownership interest pursuant to a lease agreement dated September 11, 2007 (the "Agreement").

        3.        This contested matter arises in a Chapter 7 proceeding pending in the United States Bankruptcy Court for the Eastern District of New York filed on February 12, 2008.

        4.        Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. §1334.  This is a core proceeding within the meaning of 28 U.S.C. §157(b).

### *The Agreement*

5.     The Debtor is obligated to pay to Movant monthly payments in the sum of $381.53 per month for a period of thirty-nine (39) months pursuant to the Agreement by and between Movant and Debtor and any co-customers.  In addition, a late fee must be paid for any payment which is not received within ten (10) days of its due date.  A copy of the Agreement and title to the Vehicle evidencing Movant's interest are annexed hereto collectively as **Exhibit "A"**.

### *11 USC §362(d)(1)*

6.     Section 362(d)(1) of the Code provides that the Court shall modify the automatic stay for cause including lack of adequate protection.

7.     According to the books and records of Movant, the last payment was received on or about February 22, 2010 and was applied to January 11, 2010.  The account is therefore in arrears for the payments that became due on February, March, April, and May 11, 2010, totaling at least $1,526.12, plus any late fees, attorney fees, and related costs.  Accordingly, Movant is not adequately protected.

8.     It is respectfully requested that any additional monthly payments which come due prior to the resolution of this motion be incorporated herein and be considered as additional cause to vacate the automatic stay.

9.     Based on the foregoing, it is respectfully submitted that sufficient cause has been demonstrated to grant relief from the stay pursuant to 11 U.S.C. §362(d)(1).

*11 U.S.C. §362(d)(2)*

10. Section 362(d)(2) of the Code provides as an additional ground for relief from the stay that the Court shall grant relief if "(A) the debtor does not have an equity in such property and (B) such property is not necessary to an effective reorganization."

11. According to the *National Automobile Dealers Association Used Car Guide* ("NADA"), *April 29, 2010 Edition,* before mileage, options, or vehicle condition are considered the clean retail value of this type of Vehicle is $16,850.00, and the clean wholesale value is $13,825.00. According to the books and records of Movant, the current outstanding balance on Debtor's account is at least $17,525.90. Annexed hereto as Exhibit "B" is a copy of the NADA page regarding the Vehicle.

12. It is therefore respectfully submitted that the basis for relief pursuant to 11 U.S.C. §362(d)(2) has been satisfied as the Debtor has little to no equity in the Vehicle and, upon information and belief, the Vehicle is not necessary to an effective reorganization.

*Additional Relief*

13. Movant is requesting a waiver of the stay set forth in Bankruptcy Rule 4001(a)(3), insofar as movant is prejudiced by the additional stay due to the rapidly depreciating value of the Vehicle and Movant's inability to verify that the Vehicle is presently insured.

14. The Debtor is also required, pursuant to the Agreement, to reimburse Movant for any legal fees and costs incurred in enforcing its rights under the Agreement. Movant seeks reimbursement of legal fees of $400.00 and the $150.00 filing fee, totaling $550.00.

15. Upon information and belief, no prior application for the relief requested herein has been made before this or any other Court.

**WHEREFORE,** based on the foregoing and under §362(d) of the Code, Movant respectfully requests that this Court enter an Order terminating, annulling or modifying the automatic stay under §362 of the Code to the extent necessary to permit Movant to promptly repossess and sell the Vehicle, and for such other and further relief as is just and proper under the circumstances.

Dated: Melville, New York
       May 19, 2010

*/s/ Peter Corey*_____
**PETER COREY, ESQ.**

STATE OF NEW YORK )
COUNTY OF SUFFOLK ) ss.:

  LORI LAMORELLE, being duly sworn, deposes and says: I am not a party to the action, I am over 18 years of age and I reside at Suffolk County, New York.

  On May 20, 2010, I served the within

**NOTICE OF PRESENTMENT, AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY with attached exhibits and PROPOSED ORDER**

upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid properly addresses wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

Robert L. Pryor, Trustee
Pryor & Mandelup LLP
675 Old Country Road
Westbury, NY 11590

Daniel W Nieroda, Jr., Attorney for Debtor
Nieroda & Nieroda
260 West Main St
Bay Shore, NY 11706

Freddy Trigoso, Debtor
885 Belmore Avenue
Islip Terrace, NY 11752

              */s/ Lori Lamorelle*_____
              LORI LAMORELLE

Sworn to before me this
20th day of May, 2010

*/s/ Maureen Miller*_____
Notary Public
Maureen Miller
Notary Public, State of New York
No. 01MI6152755
Qualified in Suffolk County; Commission Expires September 18, 2010